JUDGE SCHEINDLIN

64-08/DPM/MAM
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
STOLT TANKERS B.V.
(f/k/a STOLT-NIELSEN TRANSPORTATION GROUP B.V.)
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
Don P. Murnane, Jr. (DM 3639)
Manuel A. Molina (MM 1017)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
STOLT TANKERS B.V. (f/k/a STOLT-NIELSEN        08 CIV.    (    )
TRANSPORTATION GROUP B.V.),
                                                **VERIFIED COMPLAINT**
                    Plaintiff,

         -against-

GEONET ETHANOL, LLC,

                    Defendant.
------------------------------------------------------------------x

Plaintiff STOLT TANKERS B.V. (f/k/a STOLT-NIELSEN TRANSPORTATION GROUP B.V.) (hereinafter "STOLT"), by its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant GEONET ETHANOL, LLC (hereinafter "GEONET"), alleges upon information and belief as follows:

## JURISDICTION

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for breach of a maritime contract of affreightment. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, *et seq.* and / or the Arbitration Act, 9 U.S.C. §1 *et seq.* and /or §201 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

NYDOCS1/304292.1

## THE PARTIES

2.     At all times relevant hereto, STOLT was and still is a foreign business entity organized and existing under the laws of a foreign country, with an office in care of Stolt-Nielsen USA Inc., located at 800 Connecticut Avenue, Norwalk, CT 06854.

3.     At all times relevant hereto, GEONET was and still is a business entity organized and existing under the laws of the US Virgin Islands, with an office and place of business at One Estate Anguilla, P.O. Box 2090, Kingshill, St. Croix, US Virgin Islands 00851.

## NATURE OF THE CLAIMS

4.     On or about June 1, 2007, STOLT entered into a Contract of Affreightment ("COA") with GEONET for a term of one year. The COA contemplated the transportation of GEONET's ethanol cargoes onboard STOLT's vessels from GEONET's facility in Saint Croix, US Virgin Islands to various ports in the Eastern Coast of the United States. The COA also required that GEONET provide for such transportation a minimum 11,000 MT of cargo twice per month. In the event that GEONET failed to nominate the guaranteed minimum cargo quantities, GEONET was required, as per the terms of the COA, to pay deadfreight charges.

5.     The COA eventually came into effect and STOLT performed two liftings of GEONET's ethanol cargoes that were carried onboard the M/T STOLT TAURUS, as per the terms of the COA.

6.     On or about October 15, 2007, STOLT nominated the M/T STOLT TAURUS for the next lifting and voyage. However, in violation of the COA, GEONET failed to provide sailing instructions to STOLT. STOLT, demanding that GEONET provide the vessel with clear sailing instructions, informed GEONET that the vessel would proceed to the Bahamas and await GEONET's further sailing orders there. GEONET failed to prove the requested orders.

7. On or about November 2, 2007, GEONET advised STOLT that it was terminating the parties' COA. GEONET's repudiation of the COA was wrongful.

8. STOLT has met all of its obligations to GEONET under the COA.

9. Over the course of performance of the COA and until GEONET's wrongful cancellation of the COA, GEONET failed to lift the guaranteed minimum cargo. Pursuant to the terms of the COA, GEONET was obligated to make deadfreight payments to STOLT totaling the sum of $1,455,068. (See Exhibit A annexed hereto.) STOLT specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure STOLT.

10. In addition, over the course of performance of the COA, GEONET incurred demurrage charges, which reflect the time GEONET utilized the vessel for loading, discharging and waiting orders in excess of the time allotted in the COA. The aggregate demurrage charges owed by GEONET to STOLT total the sum of $138,531.25 and are calculated as follows: The vessel departed New York at 18:00 hours on October 23, 2007. Despite repeated requests for sailing instructions, no orders from GEONET were received until GEONET wrongfully cancelled the COA by declaring *force majeure* on November 1, 2001 at 16:30 hours. STOLT thereafter was able to fix the vessel for substitute employment, thereby mitigating its damages on the breach of contract claim. As a result, the total demurrage time equated to 8 days, 22 hours, 30 minutes at the demurrage rate of $15,500 per day *pro rata.*

11. STOLT has demanded payment from GEONET in the sum of $1,455,068 for its deadfreight claim and the sum of $138,531.25 for its demurrage claim. GEONET, however, in breach of the COA with STOLT, has refused or has otherwise failed to pay the amounts demanded by STOLT.

12. Pursuant to the terms of the COA, which incorporates by reference the terms of the ASBATANKVOY charter party form, all disputes between STOLT and GEONET are subject to New York arbitration. STOLT has commenced arbitration proceedings against GEONET in New York. STOLT specifically reserves its right to arbitrate the merits of its dispute with GEONET pursuant to the terms of the COA.

## RULE B ATTACHMENT

13. This action is brought in order to obtain security in favor of STOLT in respect to its deadfreight and demurrage claims against GEONET, including but not limited to interest, STOLT's anticipated attorneys' fees and costs in the arbitration, all of which are awardable by the arbitrators pursuant to the COA.

14. After investigation, Defendant GEONET cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant GEONET at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

15. As nearly as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by STOLT against GEONET includes:

(a) STOLT's claim for outstanding deadfreight in the sum of $1,455,068.00;

(b) STOLT's claim for outstanding demurrage in the sum of $138,531.25;

(c) Interest in the amount of $430,271.75, calculated on the above sum at the rate of 9% per annum, the statutory interest rate in the State of New York, for three years, the estimated time it will take to obtain a final arbitration award; and

(d) Legal fees, arbitrators' fees, and costs which are estimated to be in the sum of $150,000.00.

16. Based upon the foregoing, the total amount STOLT seeks to attach in this action, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, is **$2,173,871.00**.

W H E R E F O R E, Plaintiff STOLT TANKERS B.V. (f/k/a STOLT-NIELSEN TRANSPORTATION GROUP B.V.) prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant GEONET ETHANOL, LLC, citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal amount of the claim of $1,593,599.25, plus interest, costs and attorneys' fees;

b. That if the Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant as described herein, up to and including the amount of the claims of **$2,173,871.00** be restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held or being transferred to or for the benefit of the Defendant at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein;

c. That the Court enter an order directing Defendant to appear and respond in arbitration as required, or, to the extent an award is rendered against the Defendant, to confirm that award as a judgment of this Court; and

d. That Plaintiff have such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
May 9, 2008

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
STOLT TANKERS B.V (f/k/a/ STOLT-NIELSEN TRANSPORTATION GROUP B.V.)

By: *Manuel A. Molina*
Don P. Murnane, Jr. (DM 3639)
Manuel A. Molina (MM 1017)

## ATTORNEY VERIFICATION

State of New York  )
                   ) ss.:
County of New York )

Manuel A. Molina., being duly sworn, deposes and says:

1. I am an attorney with the law firm of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our client and documents provided by our client regarding this claim.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within the State of New York.

_____
Manuel A. Molina

Sworn to before me this
9th day of May, 2008

_____
NOTARY PUBLIC

JOAN SORRENTINO
Notary Public, State of New York
No. 01SO6067227
Qualified in New York County
Commission Expires December 3, 2009

# EXHIBIT A

Stolt Tankers / Geonet Ethanol Mitigation trading results

As at 8 May, 2008

| Voyage | Voyage Commenced Port | Time and Date | Voyage Completed Port | Time and Date | Voyage description | Voyage duration days | Actual P / (L) $ per day | Anticipated Profit under Geonet COA $ per day | Shortfall $ per day |
|---|---|---|---|---|---|---|---|---|---|
| 999235 | Key West | 11/1/2007 17:00 | Paranagua | 11/18/2007 16:00 | Ballast to Paranagua | 16.9 | (7,160) | 13,648 | |
| 235 | Paranagua | 11/18/2007 16:00 | Houston | 12/14/2007 13:00 | Geonet spot ethanol to St Croix | 26.1 | 13,392 | 13,648 | |
| 236 | Houston | 12/14/2007 13:00 | Houston | 12/27/2007 5:00 | Average result in Mexico fleet | 12.6 | 13,851 | 13,648 | |
| 237 East | Houston | 12/27/2007 5:00 | Antwerp | 1/26/2008 2:00 | USG to Europe | 29.6 | 13,649 | 13,648 | |
| 237 West | Antwerp | 1/26/2008 2:00 | Lake Charles | 2/11/2008 13:00 | Ballast return | 16.8 | (7,571) | 13,648 | |
| 238 | Lake Charles | 2/11/2008 13:00 | Houston | 2/23/2008 16:00 | USG - Mexico | 12.1 | 14,773 | 13,648 | |
| 239 | Houston | 2/23/2008 16:00 | Houston | 3/8/2008 3:00 | USG - Mexico | 13.6 | 4,821 | 13,648 | |
| 240 | Houston | 3/8/2008 3:00 | Houston | 4/27/2008 7:00 | USG to Med voyage fully booked and in progress, ballast back | 23.8 | 3,382 | 13,648 | |
| 240 | Houston | 4/27/2008 7:00 | | | | 26.3 | 3,382 | 14,572 | |
| 241 | *Houston* | *4/27/2008 7:00* | *Rotterdam* | *6/12/2008 22:00* | *USG/Acejutla/NW Europe* | *43.1* | *12,305* | *14,572* | |
| | | | | | Cumulated | 220.9 | 7,352 | 13,938 | 6,587 |

Deadfreight to date $1,455,068

Note: *Voyage in Progress is in Italics*

Base calc 13648
Base calc from April 1, 2008 14572