Alan Van Praag
Ted G. Semaya
EATON & VAN WINKLE LLP
3 Park Avenue
New York, New York 10016-2078
(212) 779-9910 (phone)
(212) 779-9928 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STOLT TANKERS B.V. (f/k/a STOLT-NIELSEN TRANSPORTATION GROUP B.V.),<br><br>                    Plaintiff,<br><br>  -against-<br><br>GEONET ETHANOL, LLC,<br><br>                    Defendant. | 08 CIV. 4382 (SAS)(JCF)<br>ECF CASE<br><br>**VERIFIED ANSWER** |

Defendant Geonet Ethanol, LLC ("Geonet"), by its attorneys, Eaton & Van Winkle LLP, for its Verified Answer to the Verified Complaint of Plaintiff Stolt Tankers B.V. (f/k/a Stolt-Nielsen Transportation Group, B.V.) ("Stolt"), upon information and belief, alleges as follows:

    1.    Admits the allegations contained in Paragraph 1 of Stolt's Verified Complaint.

    2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Stolt's Verified Complaint.

    3.    Admits the allegations contained in Paragraph 3 of Stolt's Verified Complaint.

    4.    Denies the allegations contained in Paragraph 4 of Stolt's Verified Complaint except to the extent that Paragraph 4 of Stolt's Verified Complaint alleges

that on or about June 1, 2007, Geonet and Stolt entered into an agreement that contemplated the transportation of ethanol from St. Croix, U.S. Virgin Islands, to various ports on the East Coast of the United States (the "Contract of Affreightment" or "COA") and Geonet otherwise refers to the specific provisions of the COA.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Stolt's Verified Complaint except to the extent that Paragraph 5 of Stolt's Verified Complaint alleges that Stolt performed two liftings of Geonet's ethanol cargoes that were carried onboard the M/T Stolt Taurus and that the voyages were purportedly consistent with the COA.

6. Denies the allegations contained in Paragraph 6 of Stolt's Verified Complaint except to the extent that Paragraph 6 of Stolt's Verified Complaint alleges that, on or about October 15, 2007, Geonet received communications sent on behalf of Stolt and which concerned the M/T Stolt Taurus and Geonet otherwise refers to the specific provisions of those communications.

7. Denies the allegations contained in Paragraph 7 of Stolt's Verified Complaint except to the extent that Paragraph 7 of Stolt's Verified Complaint alleges that pursuant to a letter dated November 1, 2007, Geonet declared force majeure in accordance with the rights and options expressly provided to Geonet by the COA.

8. Denies the allegations contained in Paragraph 8 of Stolt's Verified Complaint.

9. Denies the allegations contained in Paragraph 9 of Stolt's Verified Complaint.

10. Denies the allegations contained in Paragraph 10 of Stolt's Verified Complaint.

11. Denies the allegations contained in Paragraph 11 of Stolt's Verified Complaint except to the extent that Paragraph 11 of Stolt's Verified Complaint alleges that Stolt claims that it is entitled to payments for deadfreight and demurrage from Geonet but that Geonet denies Stolt is entitled to such payments.

12. Denies the allegations contained in Paragraph 12 of Stolt's Verified Complaint except to the extent that Paragraph 12 of Stolt's Verified Complaint alleges that Stolt has commenced arbitration proceedings against Geonet in New York and that the COA includes an arbitration clause and Geonet otherwise refers to the specific provisions of that arbitration clause and the COA.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Stolt's Verified Complaint.

14. Denies the allegations contained in Paragraph 14 of Stolt's Verified Complaint to the extent Paragraph 14 alleges that Geonet cannot be found within the Southern District of New York for purposes of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims and, except as specifically set forth herein, Geonet denies knowledge or information sufficient to form a belief as to all other allegations contained Paragraph 14.

15. Denies the allegations contained in Paragraph 15 of Stolt's Verified Complaint.

16. Denies the allegations contained in Paragraph 16 of Stolt's Verified Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

17. The action fails to fall under Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims because Geonet is present in the Southern District of New York.

### SECOND AFFIRMATIVE DEFENSE

18. The action fails to fall under Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims because both plaintiff Stolt and defendant Geonet are present in the Southern District of Texas.

### THIRD AFFIRMATIVE DEFENSE

19. The complaint fails to state a claim upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

20. The action should be dismissed on grounds of improper venue.

### FIFTH AFFIRMATIVE DEFENSE

21. Plaintiff has failed to properly mitigate its damages.

-----------------------------------(continued on next page)----------------------------------------

## **SIXTH AFFIRMATIVE DEFENSE**

22.     Service of process was improper and insufficient.

**WHEREFORE**, Defendant Geonet prays as follows:

1.      That the Court dismiss Stolt's Verified Complaint;

2.      That the Court award Geonet such other, further and different relief as may be just, proper and equitable.

Dated: New York, New York
       June 18, 2008                           EATON & VAN WINKLE LLP

                                        By:   /s/ Ted G. Semaya_____
                                               Ted G. Semaya
                                               Alan Van Praag
                                               3 Park Avenue
                                               New York, New York 10016-2078
                                               (212) 779-9910
                                               Attorneys for Defendant
                                               Geonet Ethanol, LLC

## **VERIFICATION**

TED G. SEMAYA, Esq., pursuant to the provisions of 28 U.S.C. § 1746 declares and states as follows:

1. I am a member of the firm of Eaton & Van Winkle LLP, attorneys for Defendant Geonet Ethanol, LLC ("Geonet"), and I make this Verification on behalf of Defendant.

2. I have read the foregoing Verified Answer and know the contents thereof and the same are true to the best of my knowledge, information and belief.

3. The sources of my information and the grounds for my belief are communications and documents received from Geonet and an examination of the papers relating to this action.

4. The reason that this Verification is made by the undersigned, and not by Geonet, is that Geonet is a foreign entity, none of whose managers or officers are presently within this District.

Dated: New York, New York
June 18, 2008

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Ted G. Semaya
Ted G. Semaya