Alan Van Praag
Ted G. Semaya
Joseph T. Johnson

EATON & VAN WINKLE LLP
3 Park Avenue
New York, New York 10016-2078
(212) 779-9910 (phone)
(212) 779-9928 (fax)

Attorneys for Defendant
Geonet Ethanol, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| STOLT TANKERS B.V. (f/k/a STOLT-NIELSEN TRANSPORTATION GROUP B.V.), | 08 CIV. 4382 (SAS)(JCF) |
|---|---|
| Plaintiff, | ECF CASE |
| -against- | |
| GEONET ETHANOL, LLC, | |
| Defendant. | |

**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT'S APPLICATION
FOR AN ORDER VACATING THE WRIT OF MARITIME ATTACHMENT**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................................. 1

PROCEDURAL FACTS ............................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    POINT I.......................................................................................................................... 2

        THE MARITIME ATTACHMENT SHOULD BE
VACATED INASMUCH AS STOLT AND GEONET
ARE BOTH PRESENT IN ANOTHER DISTRICT AND SUBJECT TO
JURISDICTION THERE................................................................................... 2

    POINT II ........................................................................................................................ 7

        THE MARITIME ATTACHMENT SHOULD BE
VACATED INASMUCH AS GEONET CAN BE FOUND IN
THE SOUTHERN DISTRICT OF NEW YORK......................................................... 7

CONCLUSION............................................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**

Aqua Stoli Shipping Ltd. v. Gardner Smith PTY Ltd., 460 F.3d 434, 444
(2nd Cir. 2006)..................................................................................................... 2,3

BHP Trading (UK) Ltd. v. Deep Sea Int'l Shipping Co., 1991 WL 198747, 1991
U.S. Dist. LEXIS 13220 (S.D.N.Y. 1991) ................................................................ 6

Centauri Shipping Ltd. v. Western Bulk Carriers KS, 528 F.Supp.2d 186, 190
fn. 5 (S.D.N.Y. Oct. 12, 2007)................................................................................... 8

Centauri Shipping Ltd. v. Western Bulk Carriers KS, 528 F. Supp. 2d 197, 199
(S.D.N.Y. Nov. 5, 2007)............................................................................................ 8

Dorfman v. Marriott Int'l. Hotels, Inc. et al., 2002 WL 14363, 2002 U.S. Dist.
LEXIS 72 (S.D.N.Y. 2002) ....................................................................................... 4

Erne Shipping, Inc. v. HBC Hamburg Bulk Carriers GmbH & Co. KG, 409 F.
Supp.2d 427, 438 (S.D.N.Y. 2006) ........................................................................... 8

Far Eastern Shipping Co. v. Progress Bulk Carriers, Ltd., 2008 A.M.C. 721,
2008 WL 2035788 (S.D.N.Y. 2008) ......................................................................... 3

OGI Oceangate Transp. Co v. RP Logistics PVT. Ltd. et al., 2007 WL 1834711,
2007 U.S. Dist. LEXIS 46841 (S.D.N.Y. 2007) ....................................................... 3

Seawind Compania, S.A. v. Crescent Line, Inc., 320 F.2d 580, 581-82 (2nd Cir. 1963)................. 2

Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88 (2nd Cir. 2000) .............................................. 4

**Other Authorities**

2 Thomas J. Schoenbaum, Admiralty and Maritime Law §21-5, pg.532
(3d ed. 2001).............................................................................................................. 6

## **PRELIMINARY STATEMENT**

This memorandum of law is submitted in support of Defendant Geonet Ethanol, LLC's ("Geonet") motion for an order, pursuant to Rule E(4)(f) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("the Supplemental Rules"), (i) vacating the writ of maritime attachment issued in this case pursuant to Rule B(1) and Rule C of the Supplemental Rules and filed and entered by the Court on May 14, 2008, or alternatively (ii) directing limited jurisdictional discovery relating to the extent to which Plaintiff Stolt Tankers B.V. may be found in the Southern District of Texas.

## **PROCEDURAL FACTS**

The pertinent facts are fully set forth in the accompanying Declarations of J. Brent Baker, ("Baker Dec.") and Ted. G. Semaya ("Semaya Dec."). In the interest of brevity, only the basic procedural facts and history are set forth here.

Plaintiff Stolt Tankers B.V. (f/k/a Stolt-Nielsen Transportation Group B.V.) ("Stolt") commenced this action by the filing of its Verified Complaint against Geonet on May 9, 2008. Stolt alleges that the case "involves a claim for breach of a maritime contract of affreightment" ("COA"). (Exhibit 1 to Semaya Dec.: Verified Complaint, Paragraph 1.) Stolt alleges that Geonet wrongfully repudiated the COA by declaring force majeure and that Stolt is owed certain deadfreight and demurrage charges allegedly incurred by Stolt prior to the repudiation. Stolt alleges that the COA provides for arbitration in New York, which proceeding has been commenced, and that this action was brought to obtain security for the deadfreight and demurrage charges, which are awardable pursuant to the COA. (Verified Complaint, Paragraphs 7-13.)

1

After commencing this action, Stolt obtained the issuance of the writ of maritime attachment, permitting attachment and garnishment in the amount of $2,173,817.00 (representing the alleged amount of, inter alia, the deadfreight and demurrage charges owed to Stolt by Geonet). (Exhibit 2 to Semaya Dec.) By letter dated May 16, 2008 and entitled "notice of attachment", Stolt advised Geonet that garnishee Deutsche Bank had restrained funds belonging to Geonet in such amount pursuant to the writ of maritime attachment. (Exhibit 3 to Semaya Dec.) Geonet thereafter sought the within relief.

## ARGUMENT

### POINT I

### THE MARITIME ATTACHMENT SHOULD BE VACATED INASMUCH AS STOLT AND GEONET ARE BOTH PRESENT IN ANOTHER DISTRICT AND SUBJECT TO JURISDICTION THERE

Stolt's maritime attachment should be vacated by reason of the presence of Stolt and Geonet in another district. As noted by the Second Circuit, a maritime attachment serves the dual purposes of obtaining jurisdiction over a defendant and assuring satisfaction of a judgment. Seawind Compania, S.A. v. Crescent Line, Inc., 320 F.2d 580, 581-82 (2d Cir. 1963). However, security may not be obtained" except as an adjunct to obtaining jurisdiction." Id. at 582.

As more recently confirmed by the Second Circuit in Aqua Stoli Shipping Ltd. v. Gardner Smith PTY Ltd., 460 F.3d 434, 444 (2d Cir. 2006), the district courts are vested with equitable discretion to vacate maritime attachments in circumstances which undermine their historical, dual purposes stated above. Thus, if a defendant is subject to in personam jurisdiction in another jurisdiction which is convenient to the plaintiff,

2

vacatur may be warranted. Id. at 444. The Second Circuit expressly held as follows:

> A maritime attachment would likewise be properly vacated if the plaintiff and defendant are both present in the same district and would be subject to jurisdiction there, but the plaintiff goes to another district to attach the defendant's assets. Id. at 444-445.

In OGI Oceangate Transp. Co v. RP Logistics PVT. Ltd. et al., 2007 WL 1834711, 2007 U.S. Dist. LEXIS 46841 (S.D.N.Y. 2007), the plaintiff was a shipowner doing business in Beijing, China, the primary defendant was the charterer doing business in Calcutta, India, and the charter party provided for arbitration in Hong Kong. In vacating the attachment under the authority of the Aqua Stoli decision, among other bases, the District Court noted that the plaintiff and defendant were present in the same jurisdiction during prior arrest proceedings (namely Calcutta), and that it was questionable whether New York was more convenient to the plaintiff than other jurisdictions, including both Calcutta and Hong Kong.

Similarly, in Far Eastern Shipping Co. v. Progress Bulk Carriers, Ltd., 2008 A.M.C. 721, 2008 WL 2035788 (S.D.N.Y. 2008), the District Court vacated a maritime attachment in which the defendant was found to be present in an adjacent district (which was perforce a district convenient to the plaintiff), namely the Eastern District of New York.[1] Since the defendant ultimately agreed to consent to jurisdiction, there was simply no valid or legitimate need for an attachment. Indeed, the District Court

---

[1] This basis for vacatur of a maritime attachment is referred to in the Aqua Stoli decision as an "across the river" case. Aqua Stoli Shipping Ltd. v. Gardner Smith PTY Ltd., 460 F.3d 434, 444, supra.

3

recognized that:

> ...the maritime attachment here does not serve (as it is intended to) as a measure of security for [the plaintiff] in its cause of action. Instead, [the plaintiff] utilizes the maritime attachment-improperly-to tie up [the defendant's] assets, thus giving [the plaintiff] leverage to negotiate in the underlying maritime dispute. Id., fn 1.

Here, Stolt and Geonet are both present in another district, namely the Southern District of Texas, thereby warranting vacatur of the writ of attachment issued in this case.

Stolt cannot credibly deny that it is present in Houston, Texas.[2] Whether doing business directly in the Southern District of Texas by reason of its own activities, or doing business through its agent, Stolt-Nielsen USA, Inc. ("Stolt-USA"), Stolt would be subject to personal jurisdiction and present under any traditional maritime attachment analysis. E.g., Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88 (2d Cir. 2000)(personal jurisdiction was found to exist over a foreign company doing business through its agent, which had a physical corporate presence in the state dedicated to promoting the principal's interests); Dorfman v. Marriott Int'l. Hotels, Inc. et al., 2002 WL 14363, 2002 U.S. Dist. LEXIS 72 (S.D.N.Y. 2002)(personal jurisdiction existed both because the foreign company did business as a mere department of its parent company and it was an agent of the parent).

First and foremost, the COA itself (under the Section entitled "Exhibit D, Stolt-Nielsen Contact List") expressly identifies 15635 Jacintoport Boulevard, Houston, Texas as an office for Stolt. (Exhibit 2 to Baker Dec.: COA, pages 31-32.) Moreover, the COA

---

[2] The analysis for whether a party is "present" (i.e., can be found) in a district for the purpose of an attachment under Supplemental Rule B(1) is fully discussed in the Aqua Stoli decision, supra, 460 F.3d at 442-444.

4

was negotiated and, after its execution, administered by Stolt-Nielsen Transportation Group, Inc. ("Stolt Inc.") on behalf of Stolt in a series of meetings in Houston, Texas and New York City from January through October, 2007 (Baker Dec., Paragraphs 4-5). The COA itself indicates that it was then signed and executed by Stolt Inc. "as agents for" Stolt. (Exhibit 2 to Baker Dec.:COA, pg. 27.) Significantly, Stolt Inc. is and at all relevant times has been registered to do business in the State of Texas. (Exhibit 4 to Semaya Dec.)[3]

Stolt acknowledges in the Verified Complaint that it has an office "in care of" Stolt-USA (f/k/a Stolt Inc.) in Norwalk, Connecticut. (Verified Complaint, Paragraph 2.) However, Stolt USA also has an address at the same Houston, Texas location identified in the COA, namely 15635 Jacintoport Boulevard (as identified on www.stolt-nielsen.com). (Semaya Dec., Paragraph 5.)

Similarly, Geonet is equally present under maritime attachment analysis. Geonet has been registered to do business in the State of Texas since June 19, 2007. (Exhibit 1 to Baker Dec.) Moreover, GeoNeot regularly engages in large dollar transactions with customers based in Houston, Texas. (Baker Dec., Paragraphs 2, 8.) Clearly, Geonet is present in the Southern District of Texas in the jurisdictional sense.

As for Geonet's presence for purposes of services of process, Geonet's Chief Executive Officer and Corporate Secretary have both maintained offices at an affiliated company, Geonet Utilities, located at 1001 McKinney, Suite 1650, Houston, Texas,

---

[3] Shortly after signing the COA, Stolt Inc. changed its name to Stolt-Nielsen USA, Inc. ("Stolt-USA"). (Exhibit 4 to Semaya Dec.)

since prior to the commencement of this action.[4] (Baker Dec., Paragraph 2.) These agents can plainly be found within the geographical confines of the Southern District of Texas for service on Geonet.

As expressly recognized by the Second Circuit, vacatur is appropriate where, as here, the plaintiff could have obtained jurisdiction over the defendant in the same district where the plaintiff is located. The fact that Stolt chose to attach assets of Geonet in another jurisdiction suggests that its primary purpose was to gain leverage, not security. In these circumstances, it is respectfully submitted that Stolt's writ of maritime attachment should be vacated.

Alternatively, limited discovery from Stolt concerning its presence in the Southern District of Texas is warranted and appropriate in these circumstances. Whether Stolt is "present" in the Southern District of Texas, for the purpose of the Aqua Stoli decision's vacatur analysis, necessarily involves facts and information which are unavailable to Geonet but readily available to Stolt.

In connection with a Supplemental Rule E(4)(f) hearing, "[t]he court is given great latitude to fashion any relief appropriate in the circumstances." 2 Thomas J. Schoenbaum, Admiralty and Maritime Law §21-5, pg.532 (3d ed. 2001). Moreover, allowing jurisdictional discovery is well within the court's discretion so long as there is some factual indication that a basis for jurisdiction exists. See, e.g., BHP Trading (UK) Ltd. v. Deep Sea Int'l Shipping Co., 1991 WL 198747, 1991 U.S. Dist. LEXIS 13220 (S.D.N.Y. 1991)(a motion to confirm a foreign arbitral award was held in abeyance and,

---

[4] Geonet's designated agent for the service of process also has a location in Texas. (Exhibit 1 to the Baker Dec.)

6

in the court's discretion, jurisdictional discovery was directed because the plaintiff had made a "sufficient start" that jurisdiction might exist over the defendant).

Plainly, Geonet has demonstrated much more than a "sufficient start" towards establishing Stolt's presence in the Southern District of Texas. At the very least, Stolt has represented that it has its own office in Houston, Texas and does business through its registered agent in Texas, Stolt-USA (f/k/a Stolt Inc.), which also has an office in Houston, Texas. Accordingly, Geonet respectfully requests limited jurisdictional discovery relating to the extent to which Stolt may be found in the Southern District of Texas.

## POINT II

### THE MARITIME ATTACHMENT SHOULD BE VACATED INASMUCH AS GEONET CAN BE FOUND IN THE SOUTHERN DISTRICT OF NEW YORK

Stolt's writ of maritime attachment may also be vacated on the separate basis that Geonet may be found in the district in which the writ was obtained, namely the Southern District of New York.

At the time of Stolt's application for the writ of maritime attachment, Geonet was registered with the New York Secretary of State as a foreign limited liability company doing business in the state. (Exhibit 3 to Baker Dec.) Geonet had been licensed as a foreign LLC in New York since December 11, 2006 and is still so licensed. (Exhibit 3 to Baker Dec.)

Pursuant to New York's Limited Liability Company Law (hereinafter "LLC Law") Section 301, the Secretary of State is designated as agent for the service of process.

7

Further, pursuant to LLC Law Section 302, Geonet has had a designated agent for service of process within the state, namely Capitol Services. (Exhibit 3 to Baker Dec.)

Thus, Geonet is "'present' in this District under the Aqua Stoli test on the ground that it was licensed as a foreign corporation in the New York State and, as such, under well-settled principles of New York law, had consented to general jurisdiction in the courts of the state, and, consequently, in this Court." Centauri Shipping Ltd. v. Western Bulk Carriers KS, 528 F. Supp. 2d 197, 199 (S.D.N.Y. Nov. 5, 2007)(in which a writ of maritime attachment had been previously vacated in the case upon a finding of the defendant's presence in this district).

In a preceding decision in the Centauri Shipping action, United States District Court Judge Richard Sullivan noted that the defendant had designated an agent for service of process in the district. Centauri Shipping Ltd. v. Western Bulk Carriers KS, 528 F.Supp.2d 186, 190 fn. 5 (S.D.N.Y. Oct. 12, 2007). However, the Court's November 5, 2007 decision clearly held registration alone with the New York Secretary of State to be sufficient to find the defendant present in the district -- satisfying the "presence" test set forth in Seawind Compania, S.A. v. Crescent Line, Inc., 320 F. 2d 580, supra -- and warranting vacatur of the writ of maritime attachment. Centauri Shipping, 528 F. Supp. 2d at 199, supra.[5]

In summary, Geonet's registration to do business in the State of New York, constituting consent to the general jurisdiction in the courts of this State, renders

---

[5] The Centauri Shipping decision which denied the application for a stay of the order vacating the attachment during the pendency of the appeal from that order (528 F.Supp.2d 186, supra) cites an earlier conflicting decision, Erne Shipping, Inc. v. HBC Hamburg Bulk Carriers GmbH & Co. KG, 409 F.Supp.2d 427, 438 (S.D.N.Y. 2006). However, Erne Shipping predates Aqua Stoli and is now of questionable authority at best.

8

Geonet present in this District under the authority of Centauri Shipping. Accordingly, it is respectfully submitted that Stolt's writ of maritime attachment may also be properly vacated on this separate basis.

## CONCLUSION

In view of the foregoing, Defendant Geonet Ethanol, LLC respectfully requests an order (i) vacating the writ of maritime attachment issued in this case, or alternatively (ii) directing limited jurisdictional discovery relating to the extent to which Plaintiff Stolt Tankers B.V. may be found in the Southern District of Texas, together with such other, further and different relief as the Court may deem to be just, proper and equitable.

Dated: New York, New York
       June 18, 2008

                                        EATON & VAN WINKLE LLP

                          By:    /s/ Ted G. Semaya

                                        Ted G. Semaya
                                        Alan Van Praag
                                        Joseph T. Johnson

                                        3 Park Avenue
                                        New York, New York 10016-2078
                                        (212) 779-9910

                                        Attorneys for Defendant
                                        Geonet Ethanol, LLC