Alan Van Praag
Ted G. Semaya
Edward W. Floyd

EATON & VAN WINKLE LLP
3 Park Avenue
New York, New York 10016-2078
(212) 779-9910 (phone)
(212) 779-9928 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STOLT TANKERS B.V. (f/k/a STOLT-NIELSEN TRANSPORTATION GROUP B.V.), | 08 CIV. 4382 (SAS)(JCF) ECF CASE |
| Plaintiff, | |
| -against- | |
| GEONET ETHANOL, LLC, | |
| Defendant. | |

REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF DEFENDANT'S APPLICATION
FOR AN ORDER VACATING THE WRIT OF MARITIME ATTACHMENT

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ……………………………………………….................ii

INTRODUCTION ……………………………………………………………………….1

FACTS ………….....………………………………………………….………………..1

ARGUMENT ………….....……………………………………………………….....…1

    POINT I ………....………………………………………………………………...2

        STOLT HAS FAILED TO CONTRADICT GEONET'S PRIMARY
ARGUMENT THAT THE ATTACHMENT SHOULD BE VACATED
BECAUSE BOTH STOLT AND GEONET ARE JOINTLY PRESENT IN
ANOTHER DISTRICT ..……………………………………………….…......2

        A. Stolt does not contest the legal rule that a Supplemental Rule B
attachment should be vacated when both plaintiff and defendant
are jointly present in another district ….…………………………….2

        B. Stolt also fails to contradict Geonet's factual showing that Stolt is
present in the Southern District of Texas …………………….…...5

        C. Stolt also fails to contradict Geonet's factual showing that
Geonet is present in the Southern District of Texas ………………6

        D. Stolt asserts without basis that grounds for attachment clearly
recognized by the Second Circuit do not exist ……………………8

    POINT II ..…………………………………………………………………….....9

        AUTHORITY WITHIN THE SOUTHERN DISTRICT OF NEW YORK
PROVIDES THAT AN ENTITY THAT IS LICENSED TO DO BUSINESS IN
THE STATE OF NEW YORK IS DEEMED PRESENT IN THE SOUTHERN
DISTRICT FOR PURPOSES OF SUPPLEMENTAL RULE B ..……………..9

CONCLUSION …………………………………………………….……………....10

# TABLE OF AUTHORITIES

**Cases**

Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.,
    529 U.S. 193 (2000)………………………………………………………. 4

Aqua Stoli Shipping Ltd. v.Gardner Smith PTY Ltd.,
    460 F.3d 434 (2d Cir. 2006)………………………………………………2, 3, 8

Centauri Shipping Ltd. v. Western Bulk Carriers KS.,
    528 F. Supp. 2d 186 (S.D.N.Y Oct.12, 2007) ………………………………... 9

Centauri Shipping Ltd. v. Western Bulk Carriers KS.,
    528 F. Supp. 2d 197 (S.D.N. Y. Nov. 5, 2007) ….…………………………..9

Integrated Container Service, Inc. v. Starlines Container Shipping, Ltd.,
    476 F. Supp. 119 (S.D.N.Y. 1979)………………….………………………...3

Mediterranea Di Navigazione Spa v. International Petrochemical Group S.A.,
    2007 WL 1434985, *5 (S.D.N.Y 2007)………………….…………………. 2

Yayasan Sabah Dua Shipping SDN BHD v. Scandinavian Liquid Carriers Ltd.,
    335 F. Supp. 2d 441 (S.D.N.Y. 2004)……………………………....……….. 7

**Statutes**

9 U.S.C § 8 ……………………………………………………….………4

9 U.S.C §§ 9-11…………………………………………………………...4

Fed. R. Civ. P. Rule 4(h) (1)…………………………………………………7

## INTRODUCTION

Defendant Geonet Ethanol, LLC ("Geonet"), respectfully submits this memorandum of law in reply to the opposition of Plaintiff Stolt Tankers B.V. (f/k/a Stolt-Nielsen Transportation Group B.V.) ("Stolt") to Geonet's motion to vacate the writ of maritime attachment issued in this case or, alternatively, to direct limited jurisdictional discovery.[1]

## FACTS

Since Stolt's opposing papers assert facts that actually support Geonet's motion and do not even attempt to controvert the facts adduced in the papers previously submitted in support of the motion, Geonet has no need to submit further declarations and refers in this reply memorandum to the declarations and exhibits already filed.

## ARGUMENT

Throughout its opposition papers, Stolt has failed to dispute any of the relevant facts set forth by Geonet in its moving papers.  Moreover, Stolt argues against arguments that it would prefer to oppose rather than the arguments made in the motion actually filed.  For this reason, this reply memorandum addresses the points actually in dispute in the order in which they were presented in Geonet's moving memorandum of law ("Moving Mem.").

---

[1] Terms used in this memorandum have the same meaning as those used in the moving memorandum.

# POINT I

## STOLT HAS FAILED TO CONTRADICT GEONET'S PRIMARY ARGUMENT THAT THE ATTACHMENT SHOULD BE VACATED BECAUSE BOTH STOLT AND GEONET ARE JOINTLY PRESENT IN ANOTHER DISTRICT

### A. Stolt does not contest the legal rule that a Supplemental Rule B attachment should be vacated when both plaintiff and defendant are jointly present in another district

Geonet's primary argument regarding why the Court should vacate the attachment is that both Geonet and Stolt are present, for purposes of maritime attachment analysis, in the Southern District of Texas. This conclusion is based upon the rule, unequivocally set forth in Aqua Stoli Shipping Ltd. v. Gardner Smith PTY Ltd., 460 F.3d 434 (2d Cir. 2006), that such circumstances justify vacatur of a maritime attachment. The facts of this case are foursquare within that rule. Stolt's opposing argument, based upon the location of the pending arbitration, is entirely inapposite because the basis for the within proceeding and this motion are not related in any way to the location of the arbitration. The fact that an arbitration is geographically situated in a particular judicial district neither requires nor permits a Rule B(1) attachment proceeding to be made in that district for security relating to that arbitration or action. There is no such restriction anywhere in the Supplemental Rules.

For example, this court often entertains B(1) proceedings related to arbitrations pending in other jurisdictions and has done so even if a forum selection clause requires that the case on the merits proceed by arbitration in such other jurisdiction. See Mediterranea Di Navigazione Spa v. International Petrochemical Group S.A., 2007 WL 1434985, at *5 (S.D.N.Y. 2007) (considering a London arbitration agreement and holding that ". . . a forum selection clause providing that all disputes under the charter will be determined by a selected foreign court neither precludes a plaintiff from commencing an action in the district court to obtain security by maritime attachment, nor prohibits the district court from ensuring the availability of security").

2

In <u>Aqua Stoli</u>, the court listed three specific circumstances that justify vacatur based upon equitable considerations. The Second Circuit stated that "a district court may vacate the attachment if the defendant shows at the Rule E hearing that 1) the defendant is subject to suit in a convenient adjacent jurisdiction; 2) the plaintiff could obtain *in personam* jurisdiction over the defendant in the district where the plaintiff is located; or 3) the plaintiff has already obtained sufficient security for the potential judgment, by attachment or otherwise." <u>Id.</u> at 445. The Second Circuit described these three, specific categories as exemplifying situations in which a court might employ its equitable discretion to vacate an attachment. <u>Id.</u> at 444-445.

As noted, the basis of this motion is that Stolt's attachment should be vacated because it falls within the scope of the second listed circumstance. Stolt does not contest this ground for vacatur. Instead, it attempts to recast Geonet's argument as one that solely concerns convenience. (Stolt's memorandum in opposition (Mem. in Opp.), at 1, 14-16). Thus Stolt's opposition is completely inapplicable. Additionally, Stolt avoids the inescapable conclusion that the Southern District of Texas is, in fact, a convenient jurisdiction for Stolt because Stolt is present there.

Even more importantly, equitable principles, rather than concepts concerning convenience, compel the conclusion that Stolt's attachment should be vacated. <u>Aqua Stoli</u> stands for the proposition that equity calls for an attachment to be vacated where use of a maritime attachment is unfair. The Second Circuit cited with approval the discussion from <u>Integrated Container Service, Inc. v. Starlines Container Shipping, Ltd.</u>, 476 F. Supp. 119 (S.D.N.Y. 1979), in which the <u>Integrated Container</u> Court discussed the possibility of abusive attachments and noted that unfairness would arise where "the use of the exceptional remedy of maritime attachment [is employed] when normal civil proceedings were readily available." <u>Id.</u> at 442.

3

That is precisely the situation here since both Geonet and Stolt are present in the Southern District of Texas where "normal civil proceedings" would be readily available to Stolt.

Apart from the language of Rule B and the holding of Aqua Stoli, Stolt's argument for the exclusive jurisdiction of this Court over B(1) proceedings is belied by the law of arbitration on which it purports to rely. Points III and III.A. of Stolt's memorandum, like most of its memorandum, are inapposite and hard to make sense of. It essentially argues that state and federal courts in Texas cannot entertain an action on the merits between the parties because of the arbitration provision of the COA. (Mem. in Opp., at 15-18). Of course, that is not the point since the arbitration is pending and the issue is security for an admiralty claim. The only arbitration law cited by Stolt is 9 U.S.C. § 8, which provides merely that a plaintiff with an admiralty claim may commence a proceeding by seizure of a vessel or other property and that the court has jurisdiction to direct the parties to arbitrate and retain jurisdiction to enter a decree on the award. Id. It says nothing about venue.

In fact, the venue provisions of the Federal Arbitration Act, 9 U.S.C. §§ 9-11, are permissive, not mandatory, completely undercutting Stolt's argument. Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co., 529 U.S. 193, 195 (2000). As such, "a motion to confirm, vacate, or modify an arbitration award" may be brought "either where the award was made or in any district proper under the general venue statute." Id. Likewise, the arbitration clause contained in the COA expressly provides that "for the purposes of enforcing any award, judgment may be entered on an award by any court of competent jurisdiction." (Baker Dec., Ex. 2 at 16). Therefore, while under Stolt's argument the claims between the parties must be submitted to an arbitral tribunal, legal proceedings concerning any arbitral award may be brought in Texas or anywhere else where jurisdiction lies.

Finally, Stolt's argument concerning the pending arbitration is fundamentally illogical. If it were true that the existence of a pending arbitration between Stolt and Geonet would oust the Southern District of Texas of jurisdiction, then the same would hold true for the Southern District of New York and this action would be subject to dismissal.

**B. Stolt also fails to contradict Geonet's factual showing that Stolt is present in the Southern District of Texas**

Not only does Stolt fail to dispute the legal rule upon which Geonet relies in support of its motion for vacatur, but it concedes that it and Geonet are present for purposes of maritime attachment analysis within the Southern District of Texas. Stolt's memorandum in opposition states that "[t]he declaration of Mr. Adams summarily disposes of GEONET's argument. Mr. Adams asserts that Stolt is a Netherlands corporation that is not registered to do business in Texas and has no offices in Texas." (Mem. in Opp., at 19). That bald, unsupported assertion, however, is all that Stolt could muster in support of its argument.

Brevity may generally be a virtue. Here though, the absence of any supporting fact or legal argument regarding this issue exposes the weakness of Stolt's position. Mr. Adams, in fact, provides evidence, in addition to that set forth in support of the motion, that Stolt is present in the Southern District of Texas. First, he executed his declaration in Houston, Texas. (Adams Dec., at 3). Mr. Adams identifies himself as "General Manager responsible for inter-Caribbean services for Stolt-Nielsen USA Inc." and explains that Stolt-Nielsen USA Inc., as agent for the Plaintiff Stolt, "negotiated and entered into" the COA with Geonet. He further states that "[d]uring the negotiations . . . sometime in May 2007, [he] personally dealt with Mr. Baker, Mr. Phil Dalton and Mr. Dale Hudson, respectively the President and CEO, the [former] Chief Operating Officer and the Consulting Supply Chain Manager of GeoNet." (Adams Dec., ¶ 4). Demonstrating the extent of the agency, even on this very issue, Stolt speaks through Stolt-

5

Nielsen USA Inc. as it has regarding everything in connection with this action and the pending arbitration.

Although Mr. Adams provides the *who, what* and, generally, *when* regarding these meetings, he does not specify the *where*. Geonet's submissions answer that question by showing that many, if not most, of the COA-related meetings were held in Houston. (Baker Dec., ¶¶ 4-5). By failing to controvert that point, Stolt admits it. Likewise, the business card provided by Mr. Adams to Mr. Baker identified Mr. Adams as having a Houston address. (Baker Dec., ¶¶ 5-6). In sum: 1) Mr. Adams' office is in Houston; 2) he personally negotiated the COA; and 3) he did so by way of meetings held in Houston.[2]

In a stunning concession that actually does conclude the issue, Stolt fails to controvert the analysis that it is present in the Southern District of Texas regardless of whether it conducts business there directly or through an agent, such as Stolt-Nielsen USA Inc. ("Stolt-USA"). (Moving Mem., at 4-5). Thus, there is no doubt that Stolt can be found in the Southern District of Texas. If, nevertheless, a fact issue is perceived, then, as set forth in the moving memorandum, limited jurisdictional discovery is warranted because Geonet has clearly made a sufficient, and uncontroverted, start towards showing such a presence. (Moving Mem., at 6).

**C. Stolt also fails to contradict Geonet's factual showing that Geonet is present in the Southern District of Texas**

Like Stolt, Geonet is also present for purposes of maritime attachment analysis in the Southern District of Texas. Stolt's effort to contradict this conclusion is logically flawed. Stolt notes that Geonet's principal office is in St. Croix, U.S. Virgin Islands and that Geonet has a registered agent in Austin, Texas. (Mem. in Opp., at 20). However, these points are completely

---

[2] Moreover, the Stolt-Nielsen Contact List that was annexed to the COA provided Houston contact information for numerous categories of interest such as COA negotiations, chartering and operations. (Baker Dec., Ex. 2 at 31-32).

6

irrelevant to the issue of whether Geonet is present within the Southern District of Texas. Stolt fails to cite any rule of law providing that a business entity is only subject to a court's personal jurisdiction in the district where the entity has its principal place of business because there is no such rule. Likewise, Stolt fails to identify any rule holding that mere designation of a registered agent forecloses "presence" in any other district.

Here, Geonet is present in the Southern District of Texas. Numerous facts demonstrate such presence and Stolt has not contradicted any of those facts which are set forth in more detail in the Baker Declaration. Extensive negotiations relating to the COA were conducted by Geonet with Stolt in Houston. Additionally, Geonet has "major customers in Houston, Texas . . . [which] alone, accounted for more than 50 million dollars of sales in 2007 and more than 80 million dollars in sales so far in 2008." (Baker Dec., ¶ 8). Also, both Mr. Baker, Geonet's Chief Executive Officer, and Ms. Terrell Wilson, its Corporate Secretary, are present in the Southern District of Texas. (Baker Dec., ¶ 7). Thus, Geonet can be served through them in Houston. Fed. R. Civ. P. 4(h)(1) (providing that service upon a corporation or association may be made "in any judicial district of the United States . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. Moreover, Mr. Baker said, and it has not been controverted, that officers of Geonet Ethanol have maintained offices in Houston for the duration of Geonet's existence, long preceding the negotiation of the COA and through to the present day (Baker Dec., ¶ 7), even though the relevant date to determine presence is the date on which this proceeding commenced. <u>Yayasan Sabah Dua Shipping SDN BHD v. Scandinavian Liquid Carriers Ltd.</u>, 335 F. Supp. 2d 441, 445 (S.D.N.Y. 2004) (considering whether a defendant in a Rule B attachment proceeding could be found within the district "at the time [the

7

plaintiff] obtained the order of attachment"); Supp. R. Certain Adm. & Mar. Cl. Rule B Advisory Committee Note (2005) (stating "[t]he time for determining whether a defendant is 'found' in the district is set at the time of filing the verified complaint"). Thus Stolt's focus on the date when Geonet filed its Application for Registration of a Foreign Limited Liability Company with the Texas Secretary of State is meaningless.

### D. Stolt asserts without basis that grounds for attachment clearly recognized by the Second Circuit do not exist

In Point I of its brief, Stolt grossly mischaracterizes the grounds for vacatur of a maritime attachment set forth by the Second Circuit in the Aqua Stoli decision. Cherry-picking language from the decision, Stolt argues that in order to defeat an application to vacate, a plaintiff "need only demonstrate that (1) the cause of action arises within the Court's admiralty jurisdiction; (2) the Defendant cannot be found within the District; and (3) the Defendant has property within this District." (Mem. in Opp., at 3). This ignores the Second Circuit's extensive discussion of grounds for vacatur - other than noncompliance with the Rules - first summarized by Chief Judge Walker as part of the holding of the Court in the second paragraph of the decision and then developed at length in the body of the decision. Aqua Stoli, 460 F.3d at 436, 444-445. Stolt actually contradicts its patent misstatement of the law when it argues at a different part of its brief that "an admiralty judge has some discretion to determine the fairness of an attachment and to vacate attachments that are unfair or abusive." (Mem. in Opp., at 16). Of course, the enumerated grounds for vacatur set forth in Aqua Stoli describe specific recognized instances of unfair and abusive attachments. Stolt disingenuously uses the standard for pleading a complaint as a substitute for the jurisprudence of the Circuit regarding grounds upon which attachments may be vacated. Equally misleading, Stolt's assessment of Geonet's motion is thoroughly inaccurate when it states that "GEONET's only challenge to the validity of STOLT's

8

attachments is that STOLT has failed to establish that GEONET cannot be 'found within the District.'" (Mem. in Opp., at 4). As has been discussed above, Geonet contends that Stolt's attachment should be vacated both (1) because Geonet and Stolt are present in the Southern District of Texas, and (2) because Geonet can be found within the Southern District of New York.

## POINT II

### AUTHORITY WITHIN THE SOUTHERN DISTRICT OF NEW YORK PROVIDES THAT AN ENTITY THAT IS LICENSED TO DO BUSINESS IN THE STATE OF NEW YORK IS DEEMED PRESENT IN THE SOUTHERN DISTRICT FOR PURPOSES OF SUPPLEMENTAL RULE B

There is no dispute over the facts of the presence of Geonet in the Southern District of New York. Stolt's legal argument at Point II of its brief is largely inapposite or simply unnecessary. The issue comes down to Centauri Shipping Ltd. v. Western Bulk Carriers KS, 528 F. Supp. 2d 197 (S.D.N.Y. Nov. 5, 2007) (Sullivan, J.). The November 5, 2007 Centauri Shipping decision unambiguously stated that the defendant "was 'present' in the district under the *Aqua Stoli* test on the grounds that it was licensed as a foreign corporation in the New York State and, as such, under well-settled principles of New York law, had consented to general jurisdiction in the courts of the state, and consequently, in this Court." Id. at 199. As was discussed in the moving memorandum, earlier decisions in the Centauri Shipping case noted that the defendant had an agent for service of process in the district. Centauri Shipping Ltd. v. Western Bulk Carriers KS, 528 F. Supp.2d 186, 190 fn. 5 (S.D.N.Y. Oct. 12, 2007) (Sullivan, J.). However, the November 5, 2007 decision does not include such reference. Instead, the November 5, 2007 decision makes an independent statement that is not limited in the manner which Stolt contends.

## **CONCLUSION**

      In light of the foregoing, Geonet requests that this Court enter an Order granting in all respects the relief requested in the notice of motion.

Dated: New York, New York
       July 2, 2008                        EATON & VAN WINKLE LLP

                                            By:    /s/ Ted G. Semaya

                                                  Ted G. Semaya
                                                  Alan Van Praag
                                                  Edward W. Floyd

                                                  3 Park Avenue
                                                  New York, New York 10016-2078
                                                  (212) 779-9910

                                                  Attorneys for Defendant
                                                  GeoNet Ethanol, LLC

To:   Don P. Murnane, Jr., Esq.
        Manuel A. Molina, Esq.

        Freehill Hogan & Mahar, LLP
        80 Pine Street, 24th Floor
        New York, New York 10005
        (212) 425-1900

        Attorneys for Plaintiff
        Stolt Tankers B.V.
        (f/k/a Stolt-Nielsen Transportation Group B.V.)