UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STOLT TANKERS B.V. (f/k/a STOLT-NIELSEN TRANSPORTATION GROUP B.V.),

    Plaintiff,

-against-

GEONET ETHANOL, LLC,

    Defendant.

08 CIV. 4382 (SAS)(JCF)

ECF CASE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/21/08

## CONFIDENTIALITY AGREEMENT AND AGREED PROTECTIVE ORDER

This Confidentiality Agreement and Agreed Protective Order (the "Agreement and Order") is made by and between Plaintiff Stolt Tankers B.V. (f/k/a Stolt-Nielsen Transportation Group B.V.) ("Stolt BV") and Defendant Geonet Ethanol, LLC ("Geonet") to establish a procedure that both facilitates the disclosure of confidential documents and maintains the confidentiality of the documents and of information that may be subject to a claim that the documents and the information contained in the documents constitute proprietary information, trade secrets or other confidential or competition-sensitive commercial information. The Court, for good cause having been shown, in exercise of its authority under the Federal Rules of Civil Procedure, and with the consent of Stolt BV and Geonet, HEREBY ORDERS:

A.     **SCOPE OF PROTECTIVE ORDER REGARDING CONFIDENTIALITY**

1.     This Agreement and Order shall apply to the above-captioned proceeding, Stolt Tankers B.V. (f/k/a Stolt-Nielsen Transportation Group B.V.) v. Geonet Ethanol, LLC, pending in this Court at Civil Action No. 08 CIV. 4382 (the "Proceeding").

2.  The terms and conditions of this Agreement and Order shall govern initial production and handling of documents, and all other information produced or provided by Geonet to Stolt BV in response to the Order entered August 8, 2008 by this Court directing the parties to conduct discovery in connection with the the presence of the parties in the Southern District of Texas (the "August 8th Order").

3.  The terms of this Agreement and Order shall govern the disclosure and use of documents, information, and testimony produced or provided by Geonet that are designated as "Confidential" pursuant to the terms hereof. This Agreement and Order also governs the procedures for challenging designations of confidentiality and the terms, conditions, and restrictions on the production and use of Confidential materials produced or provided by Geonet. Further, this Agreement and Order governs the disposition of all Confidential materials produced by Geonet during the course of the Proceeding. This Agreement and Order is not intended to and in no way limits Geonet's use of its own documents.

B.  **DESIGNATION OF CONFIDENTIAL INFORMATION**

4.  With regard to any documents, information, or testimony provided by Geonet or its representatives in the course of discovery in the Proceeding, Geonet or any of them may designate as "Confidential" (or words to that effect) any documents, information, or testimony that it reasonably and in good faith believes to be confidential, proprietary or competition-sensitive and which documents, information or testimony Geonet in good faith believes justifies a Confidential designation.

      a.     Geonet shall designate any documents that it may provide to Stolt BV in connection with this Proceeding as Confidential upon delivery of the document.

      b.     Designation shall be by affixing the legend "CONFIDENTIAL" or words to that effect, respectively, to each page of the document. All correspondence, legal memoranda, motion papers, pleadings or other written material which quote or refer to the substance of any Confidential information shall also be treated as such in accordance with the terms of this Agreement and Order.

      c.     If Geonet, through inadvertence, produces any Confidential information without labeling or marking or otherwise designating it as such in accordance with the provisions of this Agreement and Order, Geonet may, subsequent to such inadvertent production, give written notice to Stolt BV that the document or thing produced is deemed Confidential information and should be treated as such in accordance with the terms of this Agreement and Order. Stolt BV must treat such documents and things as CONFIDENTIAL information from the date such notice is received. Stolt BV shall promptly notify all parties to this Agreement and Order at the time and all persons who then had executed an Acknowledgment of Protective Order as provided in Paragraph 18 herein.

      d.     Any part of a document provided or produced pursuant to this Agreement and Order that is or refers to privileged information, information within the attorney work product protection, or that is or refers to information requiring special protection for good cause shown, may be redacted and the document provided or produced in redacted form by marking the document from which content has been redacted as "REDACTED," marking the entire document as "REDACTED VERSION,"

NYDOCS1/310894.1

- 3 -

providing a log describing the nature of the material redacted and maintaining a complete version of the document for judicial examination or examination pursuant to court order.

C.  **USE OF CONFIDENTIAL INFORMATION**

5.  All Confidential documents, information, and testimony produced or disclosed in this Proceeding shall be subject to the following restrictions:

   a.  The documents, information, and testimony shall be used by Stolt BV solely for the purpose of opposing and defending against Geonet's motion seeking an order vacating the writ of maritime attachment, and shall not be used for any other litigation, business or other purpose whatsoever;

   b.  The documents, information, and testimony shall not be shown or communicated in any way inconsistent with this Agreement and Order or to anyone other than the respective "Qualified Persons" for Confidential material as defined below;

   c.  Any person receiving Confidential documents, information, or testimony pursuant to the terms of this Agreement and Order shall not make disclosure to anyone except as allowed by this Agreement and Order; and

   d.  This Agreement and Order does not limit the right of Genoet to use its own Confidential documents, information, or testimony for any purpose.

6.  "Qualified Persons" for Confidential documents are limited to:

   a.  The judge or judges assigned to the Proceeding, personnel of said courts, court reporters, video equipment operators at deposition, special masters, any

judge of any appellate court having jurisdiction over the Proceeding, any authorized personnel of such trial courts or appellate courts, and any mediator appointed or retained to mediate this case;

  b. Counsel for Stolt BV and employees of such counsel, whose access to Confidential documents, information, and testimony is necessary for the purpose of opposing and defending against Geonet's motion requesting an order vacating the writ of maritime attachment; and

  c. Any outside expert or consultant retained by counsel for Stolt BV in the Proceeding, for the purpose of opposing and defending against Geonet's motion requesting an order vacating the writ of maritime attachment, provided, however, that each such expert or consultant shall first have executed an Acknowledgment of Protective Order in the form annexed hereto as Exhibit A (the "Acknowledgment"), which shall remain in the possession of counsel for Stolt BV.

  d. Any party to the Proceeding, including that party's counsel, employees and officers, that has agreed to comply with the terms of this Agreement and Order by executing the Acknowledgment, which shall remain in the possession of counsel to Stolt BV, and whose access to Confidential documents, information, or testimony is necessary for the purpose permitted to that party's attorney by this Agreement and Order;

  e. With respect to any particular document designated as Confidential, any actual or prospective witness in the Proceeding who is named on the face of such document as having been its author or one of its recipients, or who appears from other documents or testimony to have been a recipient of such document,

- 5 -

NYDOCS1/310894.1

except that such a person may only be shown a document designated as Confidential during, or in preparation for his or her testimony, and only to the extent necessary for such preparation or testimony; and

    f.    Any other person who is designated as a Qualified Person by written authorization of Geonet or by Order of the Court in the Proceeding, after notice to Geonet and opportunity to be heard.

7.    Except for judges and court personnel, all Qualified Persons shall make only such copies of Confidential material as are necessary for the purposes permitted herein, shall make no electronic version of such material and shall keep all Confidential material, including all copies thereof, within the premises of their respective offices, in a secure location accessible only to staff doing work in connection with the Proceeding.

8.    When any filing containing Confidential documents, information, or testimony is filed in the Proceeding, all or that portion of any pleadings, motions, testimony, briefs, or other documents containing Confidential documents, information, or testimony shall be filed with the Court in a sealed envelope designating the same as subject to this Agreement and Order, and when so filed, the same shall be opened only by personnel authorized by the Court. Nothing in this Agreement and Order shall otherwise prohibit or restrict Stolt BV from presenting, using or referring to any Confidential documents, information, or testimony as part of any hearing or other activity within the Proceeding conducted by the Court as long as Stolt notifies Geonet in writing no less than 3 days prior to any hearing ordered by the Court that it intends to offer confidential documents/information at such hearing. In the event a hearing is scheduled by the Court on less than 3 days notice, Stolt shall provide prompt notice to

Geonet of its intent to offer confidential documents/information. Upon receipt of such notice, Geonet, at its discretion, may advise the Court in advance pursuant to its procedures that such documents, information or testimony will be presented, used or referred to, as may be the case, and request that the Court make such provisions as are appropriate to protect the documents, information, and testimony consistent with the terms of this Agreement and Order; and request that the Court make provision for hearing transcripts or exhibits to be appropriately designated as containing Confidential documents, information, and testimony. The Court, pursuant to its Order herein, may make such orders to protect the documents, information and testimony as it determines to be necessary and appropriate including, but not limited to providing: i) that any transcript or portions thereof be sealed; ii) that only respective Qualified Persons are present when the Confidential documents, information, or testimony is disclosed; or iii) that copies of the documents, information, or testimony be limited to the possession of the respective Qualified Persons and the sealed Court files. Nothing in this paragraph shall in any way restrict Stolt BV's use of Confidential documents/information in the deposition of witnesses.

9. Confidential documents, information, and testimony shall not lose their Confidential character simply because the documents, information, or testimony are designated as exhibits to a deposition, regardless of whether the deposition or deposition transcript is itself later designated, in whole or in part, as Confidential.

10. Attendance at depositions must be restricted to respective Qualified Persons and the attorneys for the deponent during the disclosure of Confidential

documents, information, or testimony unless Geonet's written permission for the attendance of any other person or persons is obtained in advance.

11. Nothing contained in this Agreement and Order, and no action taken pursuant to this Agreement and Order, shall prejudice the right of any party to urge or contest the alleged relevancy or admissibility of any information or any documents subject to this Agreement and Order.

12. If Confidential documents, information, or testimony in possession of a party to the Proceeding is subpoenaed by any court, administrative agency, legislative body, or any other person not a party to the Proceeding, the party to whom the subpoena is directed shall (i) <u>as promptly as is reasonably practicable and, in any event, within two business days</u>, notify by telephone and in writing by e-mail and fax, attaching a copy of the subpoena, counsel for Geonet, advising counsel of the response time for the order or subpoena, and (ii) notify the subpoenaing court, person or entity of the existence of this Agreement and Order and that the information demanded has been identified as Confidential pursuant to this Agreement and Order. If proper notice is given hereunder, then the responsibility for attempting to prevent the disclosure or production of such information shall exclusively rest with Geonet and it shall advise the party that received the subpoena within five (5) business days of receipt of notice of the subpoena of any objection to the subpoena. If Geonet objects to the production of the Confidential information, the subpoenaed party shall, to the extent permitted by law, withhold production of the subpoenaed Confidential information until any dispute relating to the production of such material is resolved.

D. **CHALLENGING CONFIDENTIAL DESIGNATIONS**

13. If, subsequent to being furnished any information, document or testimony designated as Confidential, Stolt BV wishes to challenge Geonet's claim of confidentiality, Stolt BV shall give written notice thereof to Geonet within two (2) days of such information, documents, or testimony being furnished, identifying the information, documents, or testimony that Stolt BV contends are not properly designated as Confidential and Geonet shall have two (2) days to submit a written response and, if Stolt BV desires to use said documents, information, or testimony at any hearing or other pre-trial proceeding, the provisions set forth in Paragraph 8 shall apply. If the parties are unable to resolve any dispute as to the propriety of a Confidential designation, Stolt BV may apply to the Court to challenge the propriety of such designation by Geonet. In any hearing concerning the propriety of a Confidential designation, Geonet bears the burden of proving that the document, information, or testimony warrants said designation.

E. **GENERAL PROVISIONS**

14. Stolt BV may by written agreement with Geonet or by a motion to this Court on notice to Geonet seek a modification of this Agreement and Order.

15. This Agreement and Order is fully enforceable as a contract between the parties upon full execution and irrespective of entry of the protective order by the Court. This Agreement and Order shall remain in effect after the conclusion of the Proceeding. Within ninety (90) days after the conclusion of the Proceeding (including any appeal from any judgment or order), and subject to further order of this Court or written

stipulation of the parties, upon written request by Geonet, Stolt BV shall either (1) return to Geonet, or (2) destroy, all Confidential documents, exhibits, interrogatory answers, deposition transcripts, and all copies and summaries, in whole or in part, thereof, that were produced, disclosed or otherwise obtained from other parties pursuant to this Agreement and Order, and which contain any Confidential material.

16. All documents, information, and testimony that are Confidential under the terms of this Agreement and Order shall be used only to oppose and defend against Geonet's motion requesting an order vacating the writ of maritime attachment in this Proceeding. Nothing in this Agreement and Order shall be construed to limit in any way the right of any party to use documents or information which it obtained by other legitimate means.

17. Notices to Geonet required by this Agreement and Order shall be made by both e-mail to avanpraag@evw.com and to tsemaya@evw.com AND by facsimile to Alan Van Praag and Ted G. Semaya, Eaton & Van Winkle LLP, 212-779-9928.

F. **SWORN ACKNOWLEDGMENTS OF ORDER**

18. Prior to disclosure to Qualified Persons, as described in Subparagraph 5.c of documents, information, or testimony that is Confidential, each such Qualified Person shall individually execute the Acknowledgment, a form of which is attached to the Agreement and Order.

G. **TRIAL PROCEDURES**

19. The Court will prescribe procedures as it deems reasonable and necessary with respect to Confidential documents, information, and testimony at any hearing on Geonet's motion to vacate.

SIGNED this ___ day of _____, 2008.

_____
UNITED STATES DISTRICT JUDGE

AGREED AS TO FORM AND SUBSTANCE:

| FREEHILL HOGAN & MAHAR, LLP | EATON & VAN WINKLE LLP |
|---|---|
| By: _____<br>Don P. Murnane<br>William J. Pallas<br>Manuel A. Molina<br><br>80 Pine Street, 24th Floor<br>New York, New York 10005<br>(212) 425-1900 | By: _____<br>Alan Van Praag<br>Ted G. Semaya<br>Joseph T. Johnson<br>Edward W. Floyd<br>Three Park Avenue, 16th Floor<br>New York, NY 10016<br>(212) 779-9910 |
| ATTORNEYS FOR STOLT TANKERS B.V. | ATTORNEYS FOR GEONET ETHANOL, LLC |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STOLT TANKERS B.V. (f/k/a STOLT-NIELSEN TRANSPORTATION GROUP B.V.),<br><br>        Plaintiff,<br><br> -against-<br><br>GEONET ETHANOL, LLC,<br><br>        Defendant. | 08 CIV. 4382 (SAS)(JCF)<br>ECF CASE |

### ACKNOWLEDGMENT OF PROTECTIVE ORDER

I have been provided access to documents, information, and/or testimony designated by Geonet Ethanol, LLC as "Confidential." I understand that such designation was made subject to the terms of the Confidentiality Agreement and Agreed Protective Order between Geonet Ethanol, LLC and Stolt Tankers B.V. in the above Proceeding, of which I have been provided a copy.

If Confidential documents, information, or testimony has been provided or disclosed to me, I agree that I will not disseminate such material and will keep such material confidential and a) I shall make no copies, including any electronic versions of any of the documents, b) that I will keep such documents on the premises of my office in a secure location accessible only to staff doing work in connection with the Proceeding, and c) that I shall return or destroy such Confidential documents, information, or testimony at the direction of the person providing it to me.

I agree that in all respects I will be bound by and abide by the terms of the Confidentiality Agreement and Agreed Protective Order entered in this case.

NYDOCS1/310894.1

_____
[Signature]

_____
[Printed Name]
Title:_____
On Behalf of:_____

## ACKNOWLEDGMENT

State of _____ )
County of _____ ) ss.:

    On the _____ day of in the year _____ before me, the undersigned, personally appeared, _____ personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her their signatures(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the _____ . (Insert the city or other political subdivision and the state or country or other place the acknowledgment was taken).

_____
(Signature and Office of individual taking acknowledgment.)

**THE ORIGINALLY EXECUTED VERSION OF THIS ACKNOWLEDGEMENT SHALL BE KEPT ON THE PREMISES OF FREEHILL HOGAN & MAHAR, LLP**