*Se/fondxin/)*

64-08/DPM/MAM
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
STOLT TANKERS B.V.
(f/k/a STOLT-NIELSEN TRANSPORTATION GROUP B.V.)
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
Don P. Murnane, Jr. (DM 3639)
Manuel A. Molina (MM 1017)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/25/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
STOLT TANKERS B.V. (f/k/a STOLT-NIELSEN
TRANSPORTATION GROUP B.V.),

                  Plaintiff,

-against-

GEONET ETHANOL, LLC,

                  Defendant.
------------------------------------------------------------x

08 Civ. 4382 (SAS)(JCF)

**STIPULATION**

    WHEREAS, Plaintiff Stolt Tankers B.V. (f/k/a Stolt-Nielsen Transportation Group B.V.) ("Stolt B.V.") has attached assets of Defendant Geonet Ethanol, LLC ("Defendant") in connection with the writ of maritime attachment that issued in the above-captioned matter ("the Action"); and

    WHEREAS, Defendant has brought a motion requesting an order vacating the writ of maritime attachment or, alternatively, directing jurisdictional discovery concerning the extent to which Stolt B.V. may be found within the Southern District of Texas; and

    WHEREAS, by Order entered August 8, 2008, the Court directed the parties to conduct discovery in connection with the pending motion limited to the presence of the

NYDOCS1/311170.1

parties in the Southern District of Texas and further ordered that such discovery be completed by August 29, 2008;

IT IS HEREBY STIPULATED AND AGREED by and between Stolt B.V. and Defendant, by their undersigned attorneys, that solely for purposes of the Action, including any related arbitration proceedings, Stolt B.V. shall be deemed at all relevant times to be present and doing business within the Southern District of Texas by virtue of the actions of Stolt-Nielsen USA Inc. (f/k/a Stolt Nielsen Transportation Group Inc.) ("Stolt USA"), which was at all relevant times acting as general agent for Stolt B.V. within the Southern District of Texas. In so stipulating, it is expressly understood that Stolt B.V. concedes its presence in the Southern District of Texas only for purposes of the Action, and related arbitration proceedings, and that such stipulation shall in no way be deemed an admission as to such presence in any future litigation or arbitration proceeding.

IT IS FURTHER STIPULATED AND AGREED that based upon Stolt B.V.'s acknowledgement of its presence within the Southern District of Texas, that further discovery is not necessary with respect to the facts admitted in this stipulation, however, the foregoing shall not in any way limit discovery as to Stolt B.V.'s business activities and transactions with Defendant and/or any related companies within the Southern District of Texas, and that such discovery shall include any such activities and transactions undertaken directly by Stolt B.V. as well as those activities and transactions undertaken on behalf of Stolt B.V. by its agent Stolt USA or any other related company or companies with Defendant and/or any related companies.

IT IS FURTHER STIPULATED AND AGREED that Stolt B.V. will serve responses to Defendant's Requests for Production of Documents dated August 12, 2008, by close of business on Monday, August 25, 2008, and that Mr. Andrew Adams will be produced for deposition, in response to both the Notice of Deposition and the Notice of Deposition Pursuant to Rule 30(b)(6) which were both served by Defendant on August 13, 2008, and that Mr. Andrew Adams will be produced for such deposition during the week of August 25, 2008, commencing on a date chosen by Defendant's counsel and that he is hereby formally designated as Stolt B.V.'s sole witness for all purposes of providing a witness in response to the Defendant's Notice of Deposition Pursuant to Rule 30(b)(6). It is expressly understood that Stolt B.V.'s production of documents and witness(es) in response to Defendant's discovery demands are subject to the provisions set forth in this Stipulation. It is also expressly understood that Mr. Adams' testimony shall address Stolt B.V.'s business activities and transactions with Defendant and/or any related companies within the Southern District of Texas, and that such testimony shall include any such activities and transactions undertaken directly by Stolt B.V. as well as those activities and transactions undertaken on behalf of Stolt B.V. by its agent Stolt USA or any other related company or companies with Defendant and/or any related companies.

Dated: New York, New York
      August 22, 2008

| | |
|---|---|
| FREEHILL HOGAN & MAHAR, LLP<br>Attorneys for Plaintiff<br>STOLT TANKERS B.V.<br>f/k/a STOLT-NIELSEN TRANSPORTATION<br>GROUP B.V.<br><br>By: _____<br>    Don P. Murnane, Jr. (DPM-3639)<br>    William J. Pallas (WP 6201)<br>    Manuel A. Molina (MM 1017)<br>80 Pine Street<br>New York, NY 10005<br>(212) 425-1900<br>212) 425-1901 fax | EATON & VAN WINKLE LLP<br>Attorneys for Defendant<br>GEONET ETHANOL, LLC<br><br>By: _____<br>    Ted G. Semaya<br>    Edward W. Floyd<br>3 Park Ave.<br>New York, New York 10016<br>(212) 779-9910 |

_____
U.S.D.J.

8/25/08